UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER M. VIGNA, JR.,

    Plaintiff,

v.                          CASE NO.:

LAKEWOOD RANCH ANESTHESIA, PL,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER M. VIGNA, JR. ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LAKEWOOD RANCH ANETHESIA, PL ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages brought by Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. Venue is proper in this Court because the conduct charged herein occurred in Manatee County.

**PARTIES**

3. Plaintiff is a resident of Sarasota County, Florida.

4. Defendant is authorized to do business, and doing business in Manatee County, Florida, as a medical firm.

-1-

## **GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

9. Defendant continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant, as a medical practice providing anesthesiology services, was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(B). Defendant is subject to enterprise coverage under the FLSA and has annual revenues greater than $500,000 per year.

11. At all times material hereto, Defendant employed more than twenty (20) employees.

12. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

13. Plaintiff was employed by Defendant as a Nurse Anesthetist and was paid on an hourly basis.

14. An Anesthetist is a nurse with extra training in the field of anesthesiology and has the ability to administer anesthesia to a patient under the direct supervision and control of an Anesthesiologist.

15. Florida tightly regulates the practice of nurse anesthesia to protect patients,

since anesthesia delivery can carry a high risk. Performing the duties of a CRNA in Florida without a proper license or knowingly employing an unlicensed person to engage in CRNA duties constitutes a felony. See Fla. Stat. § 464.016. To obtain a CRNA license under Florida law, among other requirements, a person must graduate from an accredited program and be certified by the National Commission on Certification of Anesthesiologist Assistants. Fla. Stat. §§ 458.3475, 459.023.

16. Defendant compensated Plaintiff solely on the basis of an hourly rate.

17. Defendant knowingly misclassified Plaintiff as an independent contractor.

18. Plaintiff was a "non-exempt employee" because he was paid based on the quantity of his work.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

20. Plaintiff was employed by Defendant as a Nurse Anesthetist. Specifically, Plaintiff was hired by Defendant in 1998, and he worked for Defendant in this capacity until on or about December 1, 2014.

21. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

22. At all times material hereto, the work performed by Plaintiff was integral and essential to Defendant's business.

23. Plaintiff had no time whatsoever to pursue other business opportunities as a Nurse Anesthetist during the course of his work for Defendant.

24. On or about December 1, 2011, Plaintiff signed a non-compete covenant with Defendant, as a condition of Plaintiff's work with Defendant.

25. Plaintiff was solely dependent upon Defendant for his economic survival. The non-compete covenant that Plaintiff signed with Defendant in December 2011 provided that during the two-year period following the date on which Plaintiff stopped working for Defendant, Plaintiff would be prohibited from soliciting any business from Defendant's customers or competing with Defendant by offering his services to hospitals or any other type of medical practice operating within a certain geographical area defined by Defendant.

26. At all times material hereto, Defendant set Plaintiff's work schedule, provided Plaintiff with all of the equipment necessary to perform his work as a Nurse Anesthetist, and ensured access to facilities in which Plaintiff could perform his work, including several local area hospitals. Plaintiff made no investment whatsoever as part of his work with Defendant. Defendant only required Plaintiff to pay for his own professional association dues, which would have to be paid for Plaintiff's benefit regardless of the business that Defendant conducted.

27. Plaintiff was an "employee" within the meaning of the FLSA.

28. As an employee of Defendant, Plaintiff was entitled to be compensated at an overtime rate equal to one and one-half times Plaintiff's regular hourly rate for all of the overtime hours that he worked for Defendant, in accordance with the FLSA.

29. Defendant failed to pay Plaintiff the overtime premium that Plaintiff was due for all of the overtime hours that he worked.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

30. Plaintiff restates the allegations contained in paragraphs 1 through 29.

31. Defendant repeatedly and willfully violated the FLSA by failing to pay Plaintiff one and one-half times her regular rate for hours worked in excess of 40 per week.

32. Plaintiff occupied a non-exempt position with Defendant.

33. Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Order Defendant pay an award of back pay and liquidated damages to Plaintiff;

    B. Order Defendant to pay prejudgment interest on all sums due Plaintiff;

    C. Order Defendant to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT II - VIOLATION OF 26 U.S.C. § 7434

34. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

35. Defendant filed 1099 forms on Plaintiff for multiple years even though Defendant knew that Plaintiff was an employee as a matter of economic reality.

36. These information returns filed by Defendant were fraudulent. Defendant's fraudulent design allowed it to avoid payment of the employer's share of federal FICA and medicare taxes.

37. Plaintiff was forced to pay self-employment taxes or other exactions as a result of these false information returns.

38. Section 7434 provides: "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys'

fees."

39. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

 A. Grant a judgment requiring Defendant to pay to Plaintiff the greater of $5,000 or the damages proximately caused by Defendant's conduct for each and every year in which Plaintiff received a false information return.

 B. Grant Plaintiff costs and an award of reasonable attorney's fees under Section 7434.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**