UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER M. VIGNA, JR.,**

    **Plaintiff,**                                       CASE NO. 8:16-cv-43-T-30EAJ

v.

**LAKEWOOD RANCH ANESTHESIA, PL.,**

    **Defendant.**
_____/

### JOINT MOTION FOR *IN CAMERA* APPROVAL OF SETTLEMENT AGREEMENT, AND TO DISMISS THE COMPLAINT WITH PREJUDICE

Plaintiff, Christopher Vigna, Jr. ("Plaintiff"), and Defendant, Lakewood Ranch ("Defendants"), by and through their undersigned attorneys, hereby file this Joint Motion for Approval of Settlement Agreement and to Dismiss the Complaint with Prejudice. In support thereof, the attorneys for the Parties state as follows:

1. The Parties reached a settlement on December 20, 2016, and executed a Confidential Settlement Agreement (the "Agreement").

2. Because Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), the Parties are submitting the Agreement to the Court for approval *in camera*.

3. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an

employee may settle and release FLSA claims against an employer if the parties present the Court with a proposed settlement and the Court approves the fairness of the settlement. *Id.*

4. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the court in *Lynn's Food Stores,* 679 F.2d at 1354, stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

5. The settlement of the instant FLSA action involves a situation in which the Court may approve the Plaintiff's' release of FLSA claims against the Defendants. While the case was pending, Plaintiff and Defendant were both represented by counsel experienced in FLSA cases.

6. The Parties agree that the instant action involves disputed issues. Plaintiff stated that he were mis-classified as independent contractors when they should have been classified, and compensated, as W-2 employees. Defendant stated that it believes the Plaintiff was properly classified as an independent contractor, and provided pay and other work records for Plaintiff supporting their position/defense that Plaintiff was an independent contractors, therefore exempt from the FLSA's minimum wage and overtime provisions, .and not due any overtime. The disputed issues are the appropriate amount of damages, if any; the proper number of Plaintiff's alleged overtime hours, if any; and the appropriateness of liquidated damages.  Further, the disputed issues also involved Count II of the Plaintiff's Complaint.  Count II contains allegations under 26 U.S.C § 7434 which would not be covered by *Lynn's Food*.

7. The Parties reached a settlement via negotiations between counsels. All Parties were advised and represented by their respective attorneys throughout the litigation and settlement process. The Parties believe that their settlement is fair and reasonable in light of the nature of the disputed issues and the potential amount in controversy. The Parties agree that the settlement negotiated and reached between them reflects a reasonable compromise of the disputed issues.

8. Additionally, the parties separately negotiated the attorneys fees of Plaintiff's counsel, and that amount was not influenced by the Parties' settlement agreement.

9. During settlement negotiations, the Parties agreed to include a confidentiality provision in the Agreement. This provision is a material term of the Agreement and is a key part of the benefit of the bargain for Defendants. Therefore, the Parties request that the Court review the Agreement *in camera*, and are submitting their Agreement to the Court under separate cover.

10. The parties further request that this Court retain jurisdiction over this case for thirty (30) days solely to enforce the terms of the Confidential Settlement Agreement between the parties.

WHEREFORE, the Parties respectfully request that this Court approve their Confidential Settlement Agreement, and dismiss the Complaint, with prejudice.

Dated: January 17, 2017.

*/s/Craig L. Berman*  
Craig L. Berman, Esq.  
Fla. Bar No.: 068977  
Berman Law Firm, P.A.  
111 Second Avenue N.E.  
Suite 706  
St. Petersburg, Florida 33701  
Tel: (727) 550-8989  
Fax: (727) 894-6251  
cberman@tampabay.rr.com

*Counsel for Plaintiff*

*/s/Lisa McGlynn*  
Andrew Froman, Esq.  
Florida Bar No.: 019429  
afroman@fisherphillips.com  
Lisa Ann McGlynn, Esq.  
Florida Bar No. 0056327  
lmcglynn@fisherphillips.com  
101 E. Kennedy Boulevard  
Suite 2350  
Tampa, Florida 33602  
Telephone: (813) 769-7500  
Facsimile: (813) 769-7501

*Counsel for Defendant*